FILED
UNITED STATES DISTRICT COURT'S OFFICE

FOR THE

DISTRICT OF MASSACHUSETTS

```
****************************
ELAINE L. CHAO Secretary of Labor,   *
United States Department of Labor,   *
                                     *
        Plaintiff,                   *
                                     *     CIVIL ACTION
    v.                               *
                                     *     FILE NO.
                                     *
ZEPPY'S BAGEL BAKERY, LLC            *
   and JEFFREY CHIZMAS               *
                Defendant.           *
****************************
```

06 CA 10810 RGS

MAGISTRATE JUDGE Alexander

AMOUNT $ N/A
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.

## COMPLAINT

Plaintiff brings this action to enjoin defendants from violating the provisions of section 7 of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 USC 201), hereinafter called the Act, and to recover unpaid wages and liquidated damages pursuant to the provisions of sections 15(a)(2) and 16(c) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by section 17 of the Act and by 28 USC 1345.

II.

Defendant Zeppy's Bagel Bakery, LLC is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 937 North Main Street, Randolph, Massachusetts, within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a bakery.

III.

Defendant Jeffrey Chizmas resides at 2401 Lewis O Gray Drive, Saugus, Massachusetts within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was,

president and principal owner and operating officer of the aforesaid corporation and as such actively manages, supervises and directs the business affairs and operations of said corporation. This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

IV.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of section 3(r) of the Act.

V.

At all times hereinafter mentioned, defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s).

VI.

Defendants have repeatedly violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

VII.

During the period since April 8, 2004 defendants have repeatedly violated and are violating the aforesaid provisions of the Act, as alleged, and a judgment enjoining such violation is expressly authorized by section 17 of the Act.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendants, their agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating the provisions of section 7 of the Act, and costs.

VII.

During the period since April 8, 2004 defendants have repeatedly violated and are violating the aforesaid provisions of the Act. An award of actual and liquidated damages is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown, plaintiff demands judgment ordering payment of unpaid wages found by the Court to be due the employees listed in attached Exhibit "A", plus an equal amount as liquidated damages, and costs.

Post Office Address:

U.S. Department of Labor
Office of Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL:(617)565-2500
FAX:(617)565-2142

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

_____
John S. Casler
Attorney
BBO # 078060
U.S. Department of Labor
Attorneys for Plaintiff

Dated: Mar 2, 2006

## EXHIBIT "A"

Alcala, Maximino

Bernardo, Luiz

Caffrey, Edward

Costa, Brian

Najera, Eric

Quispe, Jose

Ruiz, Guillermo A.

Souza, Marcos

Teixeira Diggs, Helena

Vieira, Lucilia